■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GONZALEZ and TRACY GONZALEZ, Appellants.— Judgments, Supreme Court, New York County, each rendered June 10, 1974, convicting the defendants upon their pleas of guilty of criminal possession of a controlled substance (third degree), unanimously reversed, on the law, the pleas of guilty by both defendants to Indictment No. N 1562/398/73 vacated, the motions to suppress granted, and the matters remanded for further proceedings with respect thereto. Judgment, Supreme Court, New York County, rendered June 10, 1974 (Indictment No. N 1561/397/73 — Joseph Gonzalez), unanimously affirmed. An undercover agent of the Federal Drug Enforcement Administration obtained a sample of cocaine from the defendant Joseph Gonzalez in the bedroom of his Bronx apartment. Gonzalez pleaded guilty to that indictment, and we do not disturb the result (criminal sale of a controlled substance in the third degree, Indictment

No. N 1561/397/73). The agent returned with other Federal agents for a total of nine participating, and after a struggle in attempting to arrest the appellant, subdued and handcuffed him. His wife, Tracy Gonzalez, was also arrested when she finally unlocked the door of the apartment, and she, too, was handcuffed. Her mother and grandfather when they arrived at the apartment, were told to leave. Shortly thereafter, the agents presented consent search forms to Joseph and Tracy Gonzalez. The husband signed in the living room, and when the wife who was held in the bedroom, was shown the husband's signature, she also signed. Thereafter, a search uncovered cocaine and marijuana. The question is whether the consent to the search was voluntary. Whether or not it was depends on a "totality of the circumstances" (*United States* v. *Mapp*, 476 F. 2d 67, 78; *United States* v. *Faruolo*, 506 F. 2d 490, 498). The appellants were married three days at the time. They were both 19. They were handcuffed and kept apart. There were a number of armed Federal agents. The husband thought that a co-operative attitude would be helpful to him, but he was thinking of Federal prosecution not State prosecution. Under the circumstances, it cannot be concluded that the consent was voluntary where it meant a mandatory sentence on a Class A-III felony of one year to life imprisonment. The conviction of the husband on the related charge upon his plea of guilty is not disturbed. Markewich, J. P., Capozzoli and Lane, JJ., concur in the result; Nunez, J., concurs in the following memorandum: Nunez, J. (concurring). While I join the judgment of the court, I am prompted to add a brief note. The People fell far short of meeting their heavy burden of proving that these two 19-year-old defendants, married three days, gave their consent to search their apartment freely and voluntarily (*Bumper* v. *North Carolina*, 391 U. S. 543, 548). Tracy Gonzalez testified that she was in shock following the arrest of her husband immediately outside of their apartment and the entry of nine armed agents of the Federal Drug Enforcement Administration. The record clearly establishes that these nine Federal agents were in complete control of Mr. and Mrs. Gonzalez and of their apartment. The search consent was not obtained until about half an hour after entry into the apartment. I cannot help but wonder what nine agents were doing in this three-room apartment during all this time if they were not searching for contraband drugs. Indeed Agent Jenkins testified that at least a packet of cocaine was found prior to the execution of the consent. The two occupants of the apartment had been handcuffed and kept in separate rooms. The agents had nothing left to do except to search for drugs. Nor can I see any justification for the invasion of this young couple's apartment by such a large number of agents unless it was to terrorize and bend them to do their will. One of them had been inside the apartment only a few minutes before the invasion and he well knew that the only occupants were Joseph and Tracy Gonzalez. Tracy's mother and grandfather came into the apartment shortly after the agents had entered it. Her mother told both Tracy and Joseph not to sign anything. Whereupon the mother and grandfather were forcefully and unceremoniously ejected by the agents from their daughter's apartment! In so doing, the Federal agents flagrantly violated the civil liberties of this mother and grandfather. The record amply shows that the defendants' capacity for self-determination was critically impaired. The consent was not the product of an essentially free and unconstrained choice by the defendants. Their will had been overborne and their capacity for self-determination critically impaired, if not totally destroyed, and the use of their consent under these circumstances offends due process. (See *Culombe* v. *Connecticut*, 367 U. S. 568, 602.) Present — Markewich, J. P., Nunez, Kupferman, Capozzoli and Lane, JJ.